UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUNRISE SPECIALTY COMPANY, INC., et al.,

            Plaintiffs,

      v.

SCOTTSDALE INSURANCE COMPANY,

            Defendant.

Case No.  16-cv-01461-HSG

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 33

      Pending before the Court is Plaintiffs' motion for leave to file a motion for reconsideration. Dkt. No. 33.  For the reasons articulated below, the motion is DENIED.

## I.    BACKGROUND

      On September 26, 2016, the Court issued an order denying Plaintiffs' motion for partial summary judgment and granting Defendant's motion for summary judgment.  Dkt. No. 31.  The order directed the clerk to enter judgment in favor of Defendant and close the case.  *Id.* at 10.  That same day, the clerk entered judgment for Defendant and closed the action.  Dkt. No. 32.

      On September 29, 2016, Plaintiffs filed a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9 and Federal Rule of Civil Procedure 59(e).  Dkt. No. 33.  In their motion, Plaintiffs seek leave to submit "relevant case authority" that "was not previously provided."  *Id.* at 1.

## II.    DISCUSSION

### A.    Legal Standard

      Civil Local Rule 7-9 states, "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any

United States District Court
Northern District of California

interlocutory order on any ground set forth in Civil L.R. 7-9 (b)."

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citations omitted). Rule 59(e) is an "extraordinary remedy" that cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Further, "[a] district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner*, 338 F.3d at 1063 (9th Cir. 2003).

**B.    Analysis**

Plaintiffs' motion is improper under both Local Rule 7-9 and Rule 59(e). Local Rule 7-9 permits a party to file a motion for leave to file a motion for reconsideration "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Here, the Court has already granted Defendant's motion for summary judgment in its entirety, entered judgment in favor of Defendant, and closed the case. *See* Dkt. Nos. 31, 32. Accordingly, the Court DENIES Plaintiffs' motion under Local Rule 7-9.

Under Federal Rule of Civil Procedure 59(e), a party may not bring a motion for reconsideration to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 486 n. 5; *Kona Enterprises, Inc.*, 229 F.3d at 890. Plaintiffs concede that they seek to submit a motion for reconsideration in order to submit "relevant case authority" that "was not previously provided." Dkt. No. 33 at 1. The Court declines to exercise its discretion to consider arguments that Plaintiffs admittedly could have raised in their summary judgment briefing. As such, the Court also DENIES Plaintiffs' motion under Federal Rule of Civil Procedure 59(e).

United States District Court
Northern District of California

**III.    CONCLUSION**

For the aforementioned reasons, the Court DENIES Plaintiffs' motion for leave to file a motion for reconsideration.  Dkt. No. 33.

**IT IS SO ORDERED.**

Dated:  10/3/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge